

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00158-CV

**KAREN WEAVER AND STEPHEN WEAVER,**

          **Appellants**

 **v.**

**ERIC HRBACEK AND BRIDGET HRBACEK,**
**INDIVIDUALLY AND AS REPRESENTATIVES**
**AND SOLE HEIRS OF THE ESTATE OF**
**LOUISE HRBACEK, DECEASED,**

          **Appellees**

From the County Court at Law
Ellis County, Texas
Trial Court No. 11-C-3336

## ORDER OF REFERRAL TO MEDIATION

The Legislature has provided for the resolution of disputes through alternative dispute resolution (ADR) procedures.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.001-154.073 (West 2011 & Supp. 2015).  The policy behind ADR is stated in the statute:  "It is the policy of this state to encourage the peaceable resolution of disputes … and the early settlement of pending litigation through voluntary settlement procedures."  *Id*. § 154.002.

Mediation is a form of ADR. Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of a mediator. Mediation is private, confidential, and privileged.

We find that this appeal is appropriate for mediation. *See id.* § 154.021(a); 10TH TEX. APP. (WACO) LOC. R. 9. We refer this appeal to mediation.

The parties are ordered to confer and attempt to agree upon a mediator. Within fourteen days after the date of this order, Appellants are ordered to file a notice with the Clerk of this Court that either identifies the agreed-upon mediator or states that the parties are unable to agree upon a mediator. If the notice states that the parties are unable to agree upon a mediator, this Court will assign a mediator.

Mediation must occur within thirty days after the date the above-referenced notice agreeing to a mediator is filed or, if no mediator is agreed upon, within thirty days after the date of the order assigning a mediator.

No less than seven calendar days before the first scheduled mediation session, each party must provide the mediator and all other parties with an information sheet setting forth the party's positions about the issues that need to be resolved; the parties must also provide the mediator with their respective briefs in this appeal. At or before the first session, all parties must produce all information necessary for the mediator to understand the issues presented. The mediator may require any party to supplement the information required by this order.

Named parties must be present during the entire mediation process, and each party that is not a natural person must be represented by an employee, officer, agent, or representative with authority to bind the party to settlement.

Immediately after mediation, the mediator must advise this Court, in writing, only that the case did or did not settle and the amount of the mediator's fee paid by each party. The mediator's fee will be taxed as costs. Unless the mediator agrees to mediate without fee, the mediator must negotiate a reasonable fee with the parties, and the parties must each pay the agreed-upon fee directly to the mediator.

Failure or refusal to attend the mediation as scheduled may result in the imposition of sanctions, as permitted by law.

Any objection to this order must be filed with this Court and served upon all parties within ten days after the date of this order, or it is waived.

The appeal and all appellate deadlines are suspended as of the date of this order. The suspension is automatically lifted when the Court receives the mediator's report. If the case is not resolved at mediation, any deadline that began to run and had not expired by the date of this order will begin anew as of the date the Court receives the mediator's report. Any document filed by a party after the date of this order and before the receipt of the mediator's report will be deemed filed on the same day, but after the mediator's report is received.

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Judge Oakes Evans[1]
Order issued and filed July 27, 2016
Do not publish



---

[1] The Honorable Deborah Oakes Evans, Judge of the 87th District Court, sitting by assignment of the Chief Justice of the Supreme Court of Texas under section 74.003(a) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(a).